UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | |
|---|---|
| ANITA DIXON ) | |
| ) | |
| v. ) | NO. 2:04-CV-64 |
| ) | |
| AMERICAN HONDA MOTOR CO., INC., ) | |
| ET AL. ) | |

# **O R D E R**

This products liability case is before the Court to address the Motion for Summary Judgment filed by the defendant, Ed Tucker Distributing, Inc. d/b/a Tucker Rocky Distributing ("Tucker Rocky"). [Doc. 41]. The case involves an alleged "rear rollover" of a Honda 4x4 all terrain vehicle that occurred on September 6, 2003. The plaintiff, Anita Dixon, was riding on this vehicle with Fred Drew when it flipped over backwards throwing her from the vehicle. A "Quad Boss" ATV rack was installed on the back of the vehicle, and Honda has alleged comparative fault in regard to the entity or entities responsible for the manufacture, design, sale and installation of this Quad Boss rack. Tucker Rocky is a seller of the Quad Boss rack.

Tucker Rocky contends that it is entitled to judgment as a matter of law based upon the sealed container doctrine. The sealed container doctrine is codified in *Tenn. Code Ann.* §29-28-106 which provides:

> (a) No "product liability action," as defined in § 29-28-102(6), shall be commenced or maintained against any seller when the product is acquired and sold by the seller in a sealed container and/or when the product is acquired and sold by the seller under circumstances in which the seller is afforded no reasonable opportunity to inspect the product in such a manner which would or should, in the exercise of reasonable care, reveal the existence of the defective condition. The provisions of the first sentence of this subsection shall not apply to:
>
> (1) Actions based upon a breach of warranty, express or implied, as defined by title 47, chapter 2; or
>
> (2) Actions where the manufacturer of the product or part in question shall not be subject to service of process in the state of Tennessee and where service cannot be secured by the long-arm statutes of Tennessee; or
>
> (3) Actions where the manufacturer has been judicially declared insolvent.

Although the affidavit of Glen Urquhart, who is the Director of ATV Segment for Tucker Rocky, established that Tucker Rocky received the Quad Boss racks it distributes in sealed containers from the manufacturer, Concept Inuk, Inc. ("Concept Inuk"), his affidavit failed to reflect that Tucker Rocky was "afforded no reasonable opportunity to inspect the product in such a manner which would or should, in the exercise of reasonable care, reveal the existence of the

defective condition." *Tenn. Code .Ann.* § 29-28-106(a)  Urquhart merely makes the conclusory statement  that Tucker Rocky "had no reason or opportunity to examine the rack" before or after it was assembled.   In addition, Urquhart's contention that Concept Inuk is subject to service of process in the State of Tennessee is merely conclusory.   In fact, Concept Inuk has filed a motion to dismiss in which it contends that it is entitled to a dismissal for lack of personal jurisdiction. [Doc. 60]

Finally, the sealed container doctrine does not apply to actions based upon a breach of an express or implied warrant, and the plaintiff has now amended her complaint to assert breach of warranty theories against Tucker Rocky. Accordingly, it is hereby **ORDERED** that Tucker Rocky's motion for summary judgment based upon the sealed container doctrine is **DENIED**.  [Doc. 41].

Although Tucker Rocky has raised other theories in various "supplements" [Docs. 53, 54, and 70], and although Concept Inuk has filed a memorandum in response to plaintiff's motion to amend combined in the same document with a memorandum in support of its motion to dismiss [Doc. 79], the theories asserted in these documents are not properly before the Court. .   For example, Tucker Rocker's supplemental brief [Doc. 70] addresses issues not contained in its motion for summary judgment [Doc. 41], and therefore, this brief does not support any motion pending before the Court.   In addition, because Document 79 was partially captioned an "opposition", it was never linked to

Concept Inuk's motion to dismiss.

The parties will have up to and including August 31, 2005, to correctly refile any motion, amended motion, response, or reply supported by a separate memorandum in support of each separate pleading . The Clerk is DIRECTED to delete any future document that contains a combination of pleadings such as memorandum in support of a response combined with a memorandum in support of a motion, any document not properly captioned such as an "opposition", and any document titled a "supplement" to some other document.

E N T E R:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE